

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-23-00271-CV
_____

**MAURO E. GARZA, AND EVERETT HOLDINGS, LLC, APPELLANTS**

**V.**

**JULIA PEREZ, APPELLEE**

On Appeal from the 57th District Court
Bexar County, Texas[1]
Trial Court No. 2023-CI-08559, Honorable Tina Torres, Presiding

April 23, 2024

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

After we issued our February 27, 2024 opinion in this case, Mauro E. Garza and Everett Holdings, LLC (collectively, "Appellants"), moved for rehearing and en banc reconsideration. We deny Appellants' motions. We withdraw our opinion and judgment of February 27 and substitute the following in its place.

---

[1] Pursuant to the Supreme Court's docket equalization efforts, this case was transferred to this Court from the Fourth Court of Appeals. *See* TEX. GOV'T CODE ANN. § 73.001. In the event of any conflict, we apply the transferor court's case law. TEX. R. APP. P. 41.3.

In this interlocutory appeal, Appellants challenge the trial court's denial of their motion, pursuant to the Texas Citizens Participation Act ("TCPA"), to dismiss Julia Perez's claims under the Texas Uniform Fraudulent Transfer Act ("TUFTA").[2] Appellants contend that Perez's TUFTA claims are "based on or . . . in response to [Appellants'] exercise of the right . . . to petition," namely, a Rule 11 agreement made in open court, Garza's testimony at the March 15, 2023 hearing, and discussions between Appellants and Anderson Business Advisors ("ABA") concerning Perez's default judgment. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.003(a), .005(b)(1)(B).[3] Because we conclude that Perez's claims are not based on or in response to Appellants' exercise of the right to petition, we affirm the trial court's order.

## BACKGROUND[4]

Perez sued Everett related to a fall she sustained at a bar. Garza was not named as a defendant in this suit. In September of 2022, after Everett failed to answer, Perez took a default judgment. Subsequently, Perez obtained a turnover order that appointed a receiver and authorized execution on the default judgment. The order required Everett to turn over assets, including its real property, to the receiver to satisfy the judgment.

---

[2] As part of her TUFTA claims, Perez also applied for temporary equitable relief, including a temporary restraining order ("TRO") and temporary injunction. The trial court granted her TRO and temporary injunction, which froze substantial assets of Garza and Everett. This Court previously held that, under the case law of the Fourth Court of Appeals, the temporary injunction was void. *Garza v. Perez*, No. 07-23-00240-CV, 2023 Tex. App. LEXIS 6475, at *4 (Tex. App.—Amarillo Aug. 23, 2023, no pet.) (mem. op.). As such, we reversed the order of the trial court, dissolved the temporary injunction, and remanded the cause to the trial court. *Id.* at *5.

[3] Further references to provisions of the Texas Civil Practice and Remedies Code will be by reference to "section __" or "§ __."

[4] Because this case is being reviewed in relation to a TCPA motion to dismiss, the facts are based on allegations in Perez's pleadings.

Garza was served with the turnover order in January of 2023.[5] Garza subsequently confirmed his receipt of this order at a hearing in March.

Garza, acting as corporate representative of Everett, contacted ABA seeking advice about how to avoid execution of the default judgment. Subsequently, and apparently on the advice of ABA, Garza began having ABA transfer assets of Everett to himself.[6] As a result of these assets being transferred from Everett to Garza in a manner that was calculated to avoid Perez's execution efforts on the default judgment, Perez filed suit in May of 2023, asserting claims under TUFTA and seeking a temporary restraining order to protect assets that had been previously transferred from Everett. In response to Perez's suit, Appellants filed a motion to dismiss under the TCPA. By their motion, Appellants contend that Perez's claims are "based on or . . . in response to" their exercise of the right to petition.[7] After holding a hearing on Appellants' motion to dismiss, the trial court denied the same. Appellants timely filed this interlocutory appeal. *See* § 51.014(a)(12).

Appellants present ten issues for our review. Their fourth through ninth issues address whether the TCPA applies to Perez's claims. Their first three issues challenge whether Perez has met her burden to prove each essential element of her TUFTA claims

---

[5] According to Appellants, Garza is the "principal" of Everett.

[6] Appellants contend that these transfers were made subject to all recorded encumbrances and, therefore, Perez's judgment lien was protected. We express no opinion on this matter as it goes to the merits of Perez's TUFTA claims.

[7] Perez filed a motion seeking sanctions against Appellants for attorney's fees, which was denied by the trial court. She attempted to appeal this ruling, but this Court dismissed her cross-appeal for want of jurisdiction. *See Garza v. Perez*, Nos. 07-23-00271-CV, 07-23-00328-CV, 2023 Tex. App. LEXIS 7565, at *2 (Tex. App.—Amarillo Oct. 2, 2023, no pet.) (order) (per curiam).

by clear and specific evidence. Finally, Appellants contend that, if the trial court considered the default judgment as evidence of Perez's premises liability claim, it erred in doing so. Because the issues in this case are resolved by our determination that the TCPA does not apply to the claims asserted by Perez, we will only address this dispositive issue.

STANDARD OF REVIEW AND APPLICABLE LAW

The TCPA's purpose is "to encourage and safeguard the constitutional rights of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits for demonstrable injury." § 27.002. The statute fulfills this purpose by authorizing a motion to dismiss early in the covered proceedings, subject to expedited interlocutory review. *McLane Champions, LLC v. Hous. Baseball Partners LLC*, 671 S.W.3d 907, 914 (Tex. 2023). "[W]e must construe [the TCPA's] individual words and provisions in the context of the statute as a whole." *Youngkin v. Hines,* 546 S.W.3d 675, 680–81 (Tex. 2018).

We review a ruling on a TCPA motion to dismiss utilizing a three-step, burden-shifting process: (1) the movant seeking dismissal must demonstrate that a "legal action" has been brought against it and that the action is "based on or is in response to" an exercise of a protected constitutional right; (2) if the movant succeeds in making this demonstration, the burden shifts to the party bringing the legal action to avoid dismissal by establishing, by clear and specific evidence, a prima facie case for each essential element of the claim in question; (3) if the nonmovant meets this burden, the burden shifts

4

back to the movant to justify dismissal by establishing an affirmative defense or other ground on which it is entitled to judgment as a matter of law. *Newstream Roanoke 6.125, LLC v. Shore*, No. 02-22-00506-CV, 2023 Tex. App. LEXIS 6958, at \*8–9 (Tex. App.— Fort Worth Aug. 31, 2023, no pet.) (mem. op.). If the movant fails to meet this initial burden, the motion to dismiss fails. *Id.* at \*9.

We review a trial court's denial of a TCPA motion to dismiss de novo. *Landry's, Inc. v. Animal Legal Def. Fund*, 631 S.W.3d 40, 45–46 (Tex. 2021). We consider the pleadings, evidence a court could consider under Texas Rule of Civil Procedure 166a, and supporting and opposing affidavits stating facts on which liability or the defense is based. § 27.006(a). "The basis of a legal action is not determined by the defendant's admissions or denials but by the plaintiff's allegations." *Hersh v. Tatum*, 526 S.W.3d 462, 467 (Tex. 2017). We are to view the pleadings and evidence in the light most favorable to the nonmovant. *Kassab v. Pohl*, 612 S.W.3d 571, 577 (Tex. App.—Houston [1st Dist.] 2020, pet. denied). Whether the TCPA applies is an issue of statutory construction, which we also review de novo. *S&S Emergency Training Sols., Inc. v. Elliott*, 564 S.W.3d 843, 847 (Tex. 2018).

## ANALYSIS

We begin and end our analysis with the first step of the three-step process under the TCPA: whether Appellants established that the TCPA applies to Perez's claims. *See McLane Champions, LLC*, 671 S.W.3d at 914. As its initial burden under the TCPA, Appellants were required to establish a nexus between the rights protected by the statute and Perez's claims. *See Apache Corp. v. Apollo Expl., LLC*, No. 11-21-00295-CV, 2023

5

Tex. App. LEXIS 3381, at *6–7 (Tex. App.—Eastland May 18, 2023, no pet.) (mem. op.) (citing *Grant v. Pivot Tech. Sols., Ltd.*, 556 S.W.3d 865, 879 (Tex. App.—Austin 2018, pet. denied)). To establish this nexus, Appellants must have shown that Perez's claims are "factually predicated on the alleged conduct that falls within the scope of [the] TCPA's definition of 'exercise of the right of free speech,' petition or association." *Id.* at *7 (citing *Grant*, 556 S.W.3d at 879). In the present case, Appellants had to prove that Perez's action is either "based on" or is "in response to" an exercise of Appellants' right to petition.[8] *Newstream Roanoke 6.125, LLC*, 2023 Tex. App. LEXIS 6958, at *10.

The right to petition is defined by the TCPA to include a communication in or pertaining to a judicial proceeding. § 27.001(4)(A)(i). A communication "includes the making or submitting of a statement or document in any form or medium, including oral, visual, written, audiovisual, or electronic." § 27.001(1). A judicial proceeding refers to a pending action before a court. *Dyer v. Medoc Health Servs., LLC,* 573 S.W.3d 418, 429 (Tex. App.—Dallas 2019, pet. denied).

---

[8] After the TCPA was enacted, "[a] TCPA docket quickly developed with defendants (and, increasingly, plaintiffs) making novel arguments about how the TCPA might support the dismissal of unwanted claims and procedural actions." *ML Dev, LP v. Ross Dress for Less, Inc.*, 649 S.W.3d 623, 626 (Tex. App.—Houston [1st Dist.] 2022, pet. denied). In response, the legislature amended the TCPA in 2019 in an effort to tighten its language "so that it could no longer be used improperly as a litigation tactic to thwart its purpose." *Apache Corp.*, 2023 Tex. App. LEXIS 3381, at *7 (quoting Laura Lee Prather & Robert T. Sherwin, *The Changing Landscape of the Texas Citizens Participation Act*, 52 TEX. TECH L. REV. 163, 165 (2020)). By this amendment, the legislature narrowed "the categories of connections that must be demonstrated in order to meet the nexus requirement." *Id.* The amendment accomplished this by removing language allowing a movant to show that the action in question "relates to" the movant's exercise of a protected right, which was the most expansive of the three categories of connections. *Compare* § 27.005(b) (current version) *to* § 27.005(b) (prior version); *ML Dev, LP*, 649 S.W.3d at 626; *see Robert B. James, DDS, Inc. v. Elkins*, 553 S.W.3d 596, 604 (Tex. App.—San Antonio 2018, pet. denied) (characterizing "relates to" as a "broader qualifying phrase"). Consequently, the amendment now requires TCPA movants "to establish a closer nexus between the claims against them and the communications they point to as their exercise of protected rights." *ML Dev, LP*, 649 S.W.3d at 629.

6

"The ordinary meaning of the 'is based on' component denotes a legal action that has the relevant TCPA-protected activity 'as a main ingredient' or 'fundamental part' of the challenged legal action." *Ernst & Young, LLP v. Ryan, LLC*, No. 01-21-00603-CV, 2023 Tex. App. LEXIS 4631, at *22 (Tex. App.—Houston [1st Dist.] June 29, 2023, pet. denied) (mem. op.). The "in response to" component "denotes some sort of answer or other act in return." *Id.*

In the present case, Appellants contend that all of their "filings, arguments, testimony, and other opposition to Perez's illegal enforcement of the interlocutory default judgment were all communications 'in . . . a judicial proceeding' and constituted the 'exercise of the right to petition' under the TCPA." Specifically, Appellants identify a March 1, 2023 Rule 11 agreement that Garza made in open court, Garza's in-court testimony on March 15, 2023, and Appellants' communications about Perez's default judgment with ABA. Perez responds contending that her claims challenge the actions of Appellants in transferring Everett's assets to Garza in an effort to avoid Perez's enforcement of the default judgment.

In determining whether Appellants satisfied their burden of proving that Perez's claims fall within the scope of the TCPA, we consider Perez's pleadings. *See* § 27.006(a). Specifically, Appellants cite to Perez's allegations that (1) Garza, as corporate representative of Everett, contacted ABA about "secreting away his assets and avoiding [Perez's] . . . judgment;" (2) Appellants entered into a Rule 11 agreement, which was read into the record, that Appellants would not secret any properties of Everett; and (3) Garza testified falsely at a March 15, 2023 hearing regarding whether Everett properties had been transferred. A claim under TUFTA requires proof that (1) plaintiff is a creditor; (2)

7

defendant is a debtor; (3) the debtor transferred assets shortly before or after the creditor's claim arose; and (4) debtor did so with actual intent to hinder, delay, or defraud any of the debtor's creditors. *Plan B Holdings, LLC v. RSLLP*, No. 03-21-00260-CV, 2023 Tex. App. LEXIS 7666, at *41–42 (Tex. App.—Austin Oct. 6, 2023, no pet.) (summarizing elements of TEX. BUS. & COM. CODE ANN. § 24.005). Perez's claims are not "factually predicated" on the alleged conduct that constitutes Appellants' exercise of the right to petition. *Apache Corp.*, 2023 Tex. App. LEXIS 3381, at *7. Rather, Perez's claims are based on Appellants' actions in transferring assets of Everett to Garza to prevent Perez's ability to execute the default judgment against these assets. While we acknowledge that Perez's pleadings reference communications made in and about a judicial proceeding, Perez's claims could be asserted without reference to these communications and, as such, these communications are merely some evidence in support of Perez's claims. *Newstream Roanoke 6.125, LLC*, 2023 Tex. App. LEXIS 6958, at *18; *Apache Corp.*, 2023 Tex. App. LEXIS 3381, at *10–11; *see Harrell v. Smith*, No. 05-22-00242-CV, 2022 Tex. App. LEXIS 8735, at *12 (Tex. App.—Dallas Nov. 30, 2022, no pet.) (mem. op.) ("Simply alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA."). The gravamen of Perez's claims is not Appellants' exercise of their right to petition but, rather, Appellants' actions in attempting to shield assets of Everett from Perez's execution by transferring them to Garza.

Our resolution of this appeal is consistent with the precedent of the transferor court. In *Shopoff Advisors, L.P. v. Atrium Circle, GP*, No. 04-20-00310-CV, 2021 Tex. App. LEXIS 5184 (Tex. App.—San Antonio June 30, 2021, no pet.) (mem. op.), the court

8

distinguished between a reference to a communication in a pleading and the conduct that formed the basis of the party's claims. *Id.* at *9 ("Atrium's pleadings refer to the filing of the notices of lis pendens, but it is not the basis of its claims."). In its analysis, the court quotes *Kawcak v. Antero Res. Corp.*, 582 S.W.3d 566, 587 (Tex. App.—Fort Worth 2019, pet. denied), as "hold[ing] that simply alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA." *Shopoff Advisors, L.P.*, 2021 Tex. App. LEXIS 5184, at *9. The court also quotes *Pacheco v. Rodriguez*, 600 S.W.3d 401, 410 (Tex. App.—El Paso 2020, no pet.), as providing, "[W]hen a claim does not allege a communication, and is instead based on a defendant's conduct, the TCPA is not implicated." *Shopoff Advisors, L.P.*, 2021 Tex. App. LEXIS 5184, at *10. As applicable to the present case, Perez's claims are based on the conduct of the Appellants transferring assets to avoid execution of Perez's default judgment, rather than to any judicial communication made by Appellants. Likewise, we conclude that Perez's claims were not in response to Appellants' TCPA-protected communication[9] but, rather, were based on the actions of the Appellants to avoid execution of Perez's default judgment.[10]

---

[9] Such communications can, however, constitute evidence in support of Perez's claims without implicating the TCPA. *See Newstream Roanoke 6.125, LLC*, 2023 Tex. App. LEXIS 6958, at *18 (reference to Rule 11 agreement is "merely" some evidence of breach of fiduciary duty claim); *Apache Corp.*, 2023 Tex. App. LEXIS 3381, at *11 ("[T]here is a difference between communication that is part of the claim itself and communication which merely serves as evidence in support of a claim."); *see Harrell*, 2022 Tex. App. LEXIS 8735, at *12 ("Simply alleging conduct that has a communication embedded within it does not create the relationship between the claim and the communication necessary to invoke the TCPA.").

[10] In recent years, the transferor court has found instances in which the nonmovant's legal action was based on or in response to the movant's exercise of the right to petition. However, in each of these instances, the court found that the actions were directly based on movant's exercise of their right to petition. *See Doe v. Cruz*, No. 04-21-00582-CV, 2023 Tex. App. LEXIS 8866, at *16–17 (Tex. App.—San Antonio Nov. 29, 2023, no pet.) (op. on reh'g) ("revenge porn" and intentional infliction of emotional distress claims premised on photograph included in publicly available pleading, while motion for sanctions was based on

Appellants contend that the transferor court's opinion in *Whataburger* supports their theory that Perez's claims are "in response to" TCPA-protected communications. *Whataburger Rests. LLC v. Ferchichi*, No. 04-22-00020-CV, 2022 Tex. App. LEXIS 9451 (Tex. App.—San Antonio Dec. 28, 2022, pet. filed) (mem. op.). In *Whataburger*, the transferor court stated that, "the TCPA's required nexus is satisfied at a minimum for legal actions that 'are factually predicated on' allegations of conduct that fall within one of the TCPA's protected rights." *Id.* at *8 (quoting *Baylor Scott & White v. Project Rose MSO, LLC*, 633 S.W.3d 263, 276 (Tex. App.—Tyler 2021, pet. denied). The court goes on to state that "[a] plaintiff's claims are 'in response to' a protected activity when they react to or are asserted subsequently to the communication." *Id.* However, based on a holistic review of the pleadings, Perez's claims do not implicate Appellants' TCPA-protected activity but, rather, are premised on allegedly fraudulent actions taken by Appellants.

Under a de novo standard of review, we cannot conclude that Appellants have met their burden to show that the communications of Appellants cited by Perez in her petition are the "main ingredient" or "fundamental part" of her claims. *Ernst & Young, LLP*, 2023 Tex. App. LEXIS 4631, at *25. Likewise, Appellants have not shown how Perez's claims are an "answer or other act in return" to Appellants' TCPA-protected activity. *Id.* at *22. As such, we conclude that Appellants have failed to meet their burden to show that the TCPA applied to Perez's claims. *See McLane Champions, LLC*, 671 S.W.3d at 914

---

the claim that the nonmovant's pleading was frivolous); *Nec Networks, LLC v. Gilmartin*, No. 04-23-00109-CV, 2023 Tex. App. LEXIS 8874, at *7–8, *12 (Tex. App.—San Antonio Nov. 29, 2023, pet. filed) (mem. op.) (intentional infliction of emotional distress claim based on filing of the lawsuit, and sanctions sought based on suit being brought in bad faith); *Whataburger Rests. LLC v. Ferchichi*, No. 04-22-00020-CV, 2022 Tex. App. LEXIS 9451, at * 8–9 (Tex. App.—San Antonio Dec. 28, 2022, pet. filed) (mem. op.) (motion for sanctions was premised on communications made by movant during mediation).

(moving party must initially show that TCPA applies to legal action).  As such, it is unnecessary for us to address Appellants' remaining issues.  *See* TEX. R. APP. P. 47.1.

## CONCLUSION

Having concluded that Appellants failed to meet their burden to show that the TCPA applies to Perez's claims, we affirm the trial court's order denying Appellants' motion to dismiss.

Judy C. Parker
Justice